# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SOCHEATA SOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 07-40143-FDS |
| | ) | |
| DANIELS LAW OFFICES, P.C., and | ) | |
| RICHARD S. DANIELS, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is a debt collection action alleging the improper calculation and imposition of attorney's fees in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") . Plaintiff Socheata Som contends that defendant Daniels Law Offices, P.C. ("DLO") and its principal shareholder, defendant Richard Daniels, sent her a debt collection letter that improperly assessed a percentage-based attorney's fee. Specifically, Som asserts claims for (1) assessment of a percentage-based legal fee that was not expressly authorized by agreement, in violation of 15 U.S.C. § 1692f(1); (2) misrepresentation as to the legality of a percentage-based legal fee, in violation of § 1692e(2)(B); (3) assessment of a percentage-based legal fee based on amounts not collected, in violation of § 1692f; (4) misrepresentation as to the legality of a percentage-based legal fee based on amounts not collected, in violation of § 1692e(2)(B); (5) assessment of a percentage-based legal fee prior to the performance of any legal work, in violation of § 1692f; and (6) misrepresentation as to the legality of a percentage-based legal fee prior to the

performance of any legal work, in violation of § 1692e(2)(B); (7) misrepresentation as to the legality of a percentage-based legal fee in violation of Mass. Gen. Laws ch. 93A; (8) assessment of a percentage-based legal fee that was not expressly authorized by agreement, in violation of ch. 93A; (9) assessment of a percentage-based legal fee based on amounts not collected, in violation of ch. 93A; and (10) assessment of a percentage-based legal fee prior to the performance of any legal work, in violation of ch. 93A.

Defendants have moved separately for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process, and jointly for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the motions under Rule 12(b)(5) will be denied, and the motions under Rule 12(b)(6) will be denied.

## I.   Background

The following facts are taken as true for purposes of the present motion.

DLO is a law firm that primarily engages in debt collection. Defendant Richard Daniels is an attorney and shareholder of DLO.[1]

In February 2007, plaintiff Socheata Som received a debt collection letter from DLO. The letter stated as follows:

> A claim has been placed against you with this office by [Midland Funding] in the amount of $1,349.25, together with a reasonable attorney's fee of $202.38 for a total of $1,551.63. You may recall that your Agreement with our client provides that if your account became past due and was placed in the hands of an attorney for collection, you agreed to pay a reasonable attorney's fee. This office considers 15% of the principal balance placed to be a reasonable attorney's fee at this point . . . . Please understand that

---

[1] Plaintiff identifies the defendant as the "president and primary or sole owner of the defendant Daniels Law Offices, P.C." (Complt., ¶ 3). In his various filings, defendant does not specifically affirm or deny this characterization, only stating that "he worked for and was a shareholder of Daniels Law Offices, P.C." (Pl. Mem. at 10).

no attorney in this office has reviewed this claim against you as of yet.

(Pl. Ex. A).

Som filed this action on May 15, 2007.[2] On the day the complaint was filed, summonses were issued as to both defendant Daniels and defendant DLO. On September 10, 2007, process server Richard Fallon hand-delivered copies of both summonses and the complaint to DLO's office in Boston. One summons was addressed to "Richard S. Daniels, Jr. c/o Daniels Law Offices, One Center Plaza Boston, MA"; the other was addressed to "Daniels Law Offices, One Center Plaza Boston, MA." (Def. Ex. A). Fallon left copies of both documents with Sarah Geyser, an employee at DLO. On September 12, 2007 (the 120th day after issuance of the summons), the plaintiff made returns of service. (*Id.*).

## II. Analysis

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir. 2008) (*quoting Bell Atl. Corp. v. Twombly*, - - - U.S. - - - , 127 S. Ct. 1955, 1966-67, 167 L. Ed.2d 929 (2007)). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi*, 513 F.3d at 305 *3 (*quoting Centro Medico del Turabo, Inc.*, *v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

---

[2] The complaint was filed both individually and as a putative class action.

### A.     Service of Process

Both defendants have moved to dismiss the case for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5). Both defendants were served in an identical manner, although one is an individual and one is a corporation.

Fed. R. Civ. P. 4(e) provides that service on an individual from whom a waiver has not been obtained and filed may be effected by

> (1) following state law for serving a summons . . . in the state where the district is located . . . ; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) by delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* It is undisputed that the only place service was attempted as to Daniels was at the DLO office; he was not served personally or at home. Daniels contends that Ms. Geyser, the employee who actually received service, was not an agent authorized by appointment or law to receive service of process on his behalf.

Fed. R. Civ P. 4(h) provides that service on a domestic corporation may be effected as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation . . . must be served:
>
> (1) in a judicial district of the United States:

        (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

        (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . .

*Id.* Rule 4(h) thus permits service as provided under Rule 4(e)(1), which in turn permits service as provided by state law; Massachusetts law generally tracks the federal rule, but also permits service on "the person in charge of the business at the principal place of business in the Commonwealth, if any." Mass. R. Civ. P. 4(d)(2). DLO contends that Ms. Geyser is not "an officer [or] a managing or general agent" or "the person in charge of the business" of DLO, and that she is not otherwise authorized by appointment or by law to receive service of process.

A return of service "generally serves as *prima facie* evidence that service was validly performed." *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)); *Curley v. Radow*, 2007 WL 2060015 *1, *4-5 (D. Mass. 2007); *Johnson v. Witkowski*, 30 Mass. App. Ct. 697 (1991).[3] A defendant, however, may adduce "rebuttal evidence to refute any presumption of valid service." *Blair*, 522 F.3d at 111-112.

Here, both defendants submitted identical affidavits executed by John Murray, an attorney employed at DLO. Murray attests that he is "Director of Operations" at DLO and responsible for the management of personnel. (Murray Aff., ¶ 3). Murray further states that Ms. Geyser is a motions clerk at DLO, that she is not in charge of the business, and that "[neither] Richard S.

---

[3] Plaintiff has also submitted an affidavit from process server Fallon, who attests that he spoke to Ms. Geyser and explained that he was at the DLO office to serve the summonses and complaint. (Fallon Aff. ¶ 3). He also states that he asked her if she was authorized to accept service for DLO and defendant Daniels personally, and she replied that she was. (*Id.*).

Daniels, Jr. nor I have ever authorized her to accept service for Daniels Law Offices or to perform any corporate function whatsoever." (*Id.* at ¶¶ 5-9). Defendants have not submitted affidavits from Ms. Geyser or defendant Daniels.

"Under Massachusetts law, an affidavit is sufficient to refute the *prima facie* presumption created by a return of service." *Blair*, 522 F.3d at 112 (citing *Konan v. Carroll*, 37 Mass. App. Ct. 225 (1994)). An "affidavit denying agency, standing alone, may be sufficient to overcome the presumption of proper service created by return of service." *Id.* If the defendant rebuts the presumption, the "ultimate burden of proving proper service" returns to the plaintiff. *Id.* The Court may also need to decide whether limited discovery and an evidentiary hearing (if requested) are warranted. *Id.* at 112-115.[4]

### 1.  **Daniels**

Here, defendant Daniels relies entirely on the Murray affidavit; he has submitted no affidavit of his own. As noted, Murray states that "[neither] Richard S. Daniels, Jr. nor I have ever authorized [Ms. Geyser] to accept service for *Daniels Law Offices* or to perform any corporate function whatsoever." (Murray Aff., ¶ 9) (emphasis added). The affidavit therefore does not address whether Geyser was authorized to accept service on behalf of Daniels as an individual. Accordingly, defendant Daniels has failed to submit any evidence to rebut plaintiff's presumption of proper service, and his motion to dismiss for insufficiency of service of process will be denied.

---

[4] Although actual notice alone is insufficient to satisfy the burden of service, "actual notice will lead courts to apply a liberal construction of the rules of service." *Curley*, 2007 WL 2060015 at *4 (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

### 2. **DLO**

DLO's motion also relies entirely on the Murray affidavit. Again, that affidavit asserts that (1) Geyser is not an officer of DLO, (2) Geyser was not in charge of DLO's office at One Center Plaza, and (3) "[neither] Richard S. Daniels, Jr. nor I have ever authorized [Ms. Geyser] to accept service for Daniels Law Offices or to perform any corporate function whatsoever." (Murray Aff., ¶¶ 6-9).

Plaintiff has responded by submitting an affidavit of Joseph Fallon, the process server, attesting that he asked Ms. Geyser "if she were authorized to accept service for the law firm and Mr. Daniels personally" and that "[s]he replied that she was."

Murray's attestation that *Daniels* never authorized Geyser to accept service of process is entitled to no evidentiary weight; there is no indication that Murray had personal knowledge of that fact, or indeed even hearsay knowledge. Murray does not attest, for example, that he spoke with Daniels, and that Daniels told him that he had never made the authorization. As noted, there is no affidavit from Daniels himself, or from Geyser.

The Court is left, then, simply with the statement of Murray that he personally never authorized Geyser to accept service. Under the circumstances, that is insufficiently "strong and convincing" evidence to rebut the presumption of proper service. *See Curley*, 2007 WL 2060015 at *4-5 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394,1398 (7th Cir. 1993) (presumption created by return of service only overcome by strong and convincing evidence)).

The Court notes that the entire matter of service of process in this case reflects poorly on everyone concerned. Plaintiff elected to serve both an individual and a corporation by simply serving the corporation's receptionist, thereby running a considerable risk that the service would

prove ineffective. Defendants, for their part, received actual notice of the complaint, and have sought dismissal for technical reasons only, having suffered no prejudice of any kind. While they are entitled to seek to enforce the rules—technical though they may be—defendants' efforts to do so were limited at best; among other things, they did not trouble themselves to submit an affidavit from either Daniels (the alleged principal) or Geyser (the alleged agent). Under the circumstances, the resources of the parties and the Court could surely have been put to better use. In any event, defendant DLO's motion to dismiss for insufficiency of service of process will be denied.

### B.  Failure to State a Claim

#### 1.  Personal Liability of Corporate Officer

Defendant Daniels asserts that he has been named in the complaint "simply because he worked for and was a shareholder of Daniels Law Offices, P.C.," and therefore he should be dismissed from the case. (Pl. Mem. at 10). An individual cannot be held personally liable for the debt collection actions of a corporation merely by virtue of his status as an officer, director, or shareholder. *See, e.g., Musso v. Seiders*, 194 F.R.D. 43, 46 (D. Conn. 1999); *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil."); *Pettit v. Retrieval Masters*, 211 F.3d 1057, 1059 (7th Cir. 2000) (individuals do not become "debt collectors" for FDCPA purposes merely by working for or owning stock in debt collection companies).

To establish an individual defendant's liability for FDCPA purposes, a plaintiff must first establish that the defendant is a "debt collector." *See Musso*, 194 F.R.D. at 46. The FDCPA

defines a debt collector as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). A "high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector." *Musso*, 194 F.R.D. at 46 (citing *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994)); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1336-37 (D. Utah 1997)). It is not enough to label a defendant a "debt collector"—the plaintiff must also allege that the defendant was personally involved in the collection of the debt at issue. *See, e.g., Musso*, 194 F.R.D. at 46-47; *Brumbelow v. Law Offices of Bennett and Deloney, P.C.*, 372 F. Supp. 2d 615, 622 (D. Utah 2005); *Ditty*, 973 F. Supp. at 1336-1337 (supervisor of firm's collection activities and author of unlawful collection letters personally liable under the FDCPA); *Egli v. Bass*, 1998 WL 560270 *1, *2 (N.D. Ill. 1998); *Pope v. Vogel*, 1998 WL 111576 *1, *5-6 (N.D. Ill. 1998).

Defendant is correct that his status as an employee and stakeholder in DLO, alone, does not subject him to FDCPA liability. The complaint, however, specifically alleges that "Defendant Richard S. Daniels, Jr. was personally involved in formulating, implementing, and/or ratifying the [language of the debt-collection letter] and the underlying debt collection practices of defendant law firm, and is therefore jointly and severally liable with Daniels Law Offices, P.C. for any violation of law arising from same." (Complt., ¶ 8). These allegations, taken as true for the purposes of this motion, are sufficient to withstand a motion to dismiss. *See Musso*, 194 F.R.D. at 47 (defendant knew of and ratified allegedly unlawful practices); *Brumbelow*, 372 F. Supp. at

9

622 (defendants developed and implemented allegedly unlawful practices).

### 2. Sufficiency of Claims

The FDCPA "imposes strict liability on debt collectors for their violations." *Harrington v. CACV of Colorado, LLC*, 508 F. Supp. 2d 128, 132 (D. Mass. 2007) (citing *Pettway v. Harmon Law Offices, P.C.*, 2005 WL 2365331 *1, *3 (D. Mass. 2005)). In order to prevail on an FDCPA claim, plaintiff must prove that (1) she was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants have engaged in an act or omission prohibited by the FDCPA. *See, e.g.*, *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). A plaintiff need not show intentional conduct by the collector or actual damages. *Harrington*, 508 F. Supp. 2d at 128. Moreover, whether the debt at issue is legitimately owed has no bearing of the validity of a FDCPA action. *Pettway*, 2005 WL 2365331 at *3.

Here, defendants do not dispute that plaintiff was the object of collection activity arising from consumer debt. Furthermore, the complaint alleges that defendants are "debt collectors" within the meaning of FDCPA. (Complt., ¶¶ 6-8).

Defendants contend, however, that they have not engaged in any "act or omission" prohibited by the FDCPA. Plaintiffs bring one FDCPA claim under 15 U.S.C. § 1692f(1) (Count 1), two under § 1692f (Counts 3 and 5), and three under § 1692e(2)(B) (Counts 2, 4, and 6). Section 1692f states in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental

to the principal obligation) unless such amount is *expressly authorized* by the agreement creating the debt or permitted by law. . . .

*Id.* (emphasis added). Section 1692e(2)(B) states in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of–

> (B) Any services rendered or compensation which may be *lawfully received* by any debt collector for the collection of a debt. . . .

*Id.* (emphasis added).

### a. Counts 1 and 2

Count 1 asserts a claim for assessment of a percentage-based legal fee that was not "expressly authorized" by agreement; Count 2 asserts a claim for misrepresentation of the legality of that fee. Defendants contend that the imposition of percentage-based legal fees, as a matter of law, does not violate the FDCPA. Defendants principally rely on *Kirscher v. Messerli & Kramer, P.A.*, 2006 WL 145162 (D. Minn. 2006) in support of that position.

In *Kirscher*, the plaintiff alleged that the defendants had wrongfully demanded attorneys' fees that were based on a contingency fee, not based on actual work performed. 2006 WL 145162 at \*5. The court, however, noted that the contract giving rise to the debt "expressly provided that Discover Bank could charge [plaintiff] for *reasonable attorneys' fees* and litigation costs incurred in collecting the debt." *Id.* (emphasis added). Because the contract expressly

provided for such fees, the FDCPA claim failed as a matter of law. *Id.* at 6.[5]

Here, however, the language of plaintiff's "Cardmember Agreement" (the underlying contract at issue) states as follows:

> 14. ATTORNEY'S FEES. You agree to pay *all costs incurred* by us, our successors, or assignees, in collecting unpaid indebtedness or in enforcing this Agreement, *including attorney's fees* or costs . . .

(Ex. A) (emphasis added).[6] For purposes of the present motion, the Court cannot find as a matter of law that the language "all costs incurred" necessarily authorizes a percentage-based attorney's fee. Depending on the facts, a percentage-based fee might or might not be part of the actual "costs incurred" by the creditor, and the actual underlying facts will have to await discovery. Indeed, even under the arguably broader contract language of "reasonable attorney's fees," courts have found that liquidated or percentage-based attorney's fees can violate the FDCPA. *See Kojetin v. C U Recovery, Inc.,* 1999 WL 1847329 *1, *2 (D. Minn. 1999), *aff'd* 212 F.3d 1318 (8th Cir. 2000) (construing "reasonable attorney's fees" to require plaintiff to only pay actual costs associated with collection and ruling that a flat 15% collection fee therefore violated the FDCPA as a matter of law); *Stolicker v. Muler, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, 2005 WL 2180481 (W.D. Mich. 2005) *1, *4 (grant of summary judgment to plaintiff because "reasonable attorney's fee" did not authorize a percentage-based attorney's fee or a

---

[5] Similarly, in *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999), the contract giving rising to the debt "provid[ed] that the cardholder promises to pay all amounts when due, as well as collection costs we incur including, but not limited to, *reasonable attorney's fees* and court costs." The court ruled that the discrete amount actually charged in attorney's fees was not "unreasonable" as a matter of law for a debt collection, and dismissed plaintiff's claim. *Id.*

[6] The complaint refers to the Cardmember Agreement, and plaintiff expressly relies on this contract in asserting her claims. Accordingly, the Court may consider the contract without converting the defendants' motion to dismiss into a motion for summary judgment. *See, e.g., Clorox Co. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000).

liquidated attorney's fee).[7] Accordingly, Counts 1 and 2 do not fail to state a claim upon which relief can be granted, and will not be dismissed.

### b.     Counts 3 and 4

Plaintiff separately contends that defendants violated §1692f by assessing a percentage-based legal fee based on amounts not yet collected (Count 3), and violated § 1692e(2)(B) by misrepresenting their ability to do so (Count 4).

As noted, the Cardmember Agreement provides that "You agree to pay all *costs incurred* by us, our successors, or assignees, *in collecting* unpaid indebtedness or in enforcing this Agreement, including attorney's fees or costs . . . ." (emphasis added). Plaintiff contends that the creditor did not actually incur any legal fees on amounts not collected, as DLO has a contingency-fee agreement with the creditor that provides for attorney's fees only on amounts that had been in fact collected. The essence of the claim in Counts 3 and 4 thus appears to be that defendants represented that the creditor had incurred a legal expense (a percentage of the entire balance) when in fact it had not (it had incurred only a percentage of the collected balance). Recast in that light – which requires a somewhat generous construction of the complaint – Counts 3 and 4 appear to state a claim sufficient to survive dismissal under Rule 12(b)(6).

---

[7] Likewise, the Court cannot conclude that a percentage-based attorney's fee is clearly permitted as a matter of law. "Permitted by law," in the FDCPA context, generally requires affirmative authorization, as opposed to "indulgent silence." *See West v. Costen*, 558 F. Supp. 564, 581 (W.D. Va. 1983); *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1367-1368 (E.D. Cal. 1995) (defendants must "identify some statute which permits, i.e. authorizes or allows, in however general a fashion, the fees or charges in question"). Massachusetts law provides that "No [debt collectors] . . . shall collect or attempt to collect such [consumer] debt in an unfair, deceptive, or unreasonable manner." Mass. Gen. Laws ch. 93, § 49; *see also* 209 C.M.R. 18.15-17 (regulations closely patterned on language of FDCPA). For FDCPA purposes, this law does not affirmatively permit, either generally or specifically, the imposition of a percentage-based attorney's fee.

### c. Counts 5 and 6

The debt collection letter sent to plaintiff included the following language: "Please understand that no attorney in this office has reviewed this claim against you as of yet." (Def. Mot. to Dismiss, Ex. A). Plaintiff contends that defendants thereby violated § 1692f by assessing a percentage-based legal fee based on legal work they had not yet performed (Count 5), and violated § 1692e(2)(B) by misrepresenting their ability to do so (Count 6). Several courts have held or suggested that combining future attorney's fees with already-incurred fees violates the FDCPA. *See Pettway*, 2005 WL 2365331 at *6 (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004) (attorney violated FDCPA by stating the amount of a debt as an estimate of future liability rather than as a statement of the current amount of the debt)); *see also Spencer v. Henderson-Webb*, 81 F. Supp. 2d 582, 591 (D. Md. 1999) (violation of FDCPA to collect attorney's fees that have not yet been incurred). Again, the Court cannot find as a matter of law, without the benefit of any evidentiary record, that no FDCPA violation occurred. Claims 5 and 6 therefore state a claim upon which relief can be granted and will not be dismissed.

### 3. Chapter 93A Claims

Defendants contend that plaintiff's various claims under Mass. Gen. Laws ch. 93A must be dismissed because the FDCPA preempts its remedies. The First Circuit, however, as well as many district courts, have held that violations of the FDCPA are *per se* violations of ch. 93A, and have not dismissed such claims on preemption grounds. *See, e.g., French v. Corporate Receivables, Inc.*, 489 F.3d 402, 403 n.1 (1st Cir. 2007); *Masciarelli v. Richard J. Boudreau & Assoc.*, 529 F. Supp. 2d 183, 186-187 (D. Mass. 2007); *Harrington*, 508 F. Supp. 2d at 137; *Martin v. Sands*, 62 F. Supp. 2d 196, 201 (D. Mass. 1999). The motion to dismiss will therefore

be denied as to Counts 7, 8, 9, and 10.

**IV.     Conclusion**

For the foregoing reasons, defendant DLO's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is DENIED.  Defendant Daniels' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is DENIED.  Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:   August 1, 2008